Roy HAWKINS, Plaintiff–Appellant,

v.

BOARD OF COMMISSIONERS OF MUSKOGEE COUNTY, OKLA-HOMA, et al., Defendants,

and

Great American Insurance Companies, Defendant–Appellee.

No. 00–2058.

United States Court of Appeals, Seventh Circuit.

June 13, 2001.

Before EASTERBROOK, ROVNER, and DIANE P. WOOD, Circuit Judges.

## Order

Roy Hawkins is a judgment creditor of Muskogee County, Oklahoma, having prevailed in an employment-discrimination case in Oklahoma. Apparently the County has failed to pay. Hawkins registered the judgment in the United States District Court for the Northern District of Illinois in an effort to collect from Great American Insurance Companies, which Hawkins contends has issued a policy that is the County's asset. The policy's surrender value might well be an asset of the County, but Hawkins wants indemnity under the policy rather than the monetary value the County could obtain from canceling prepaid coverage. Hawkins styles this a "garnishment" action. Yet Illinois is not a direct-action state, and Hawkins has not pointed to any Illinois case allowing collection of a policy's promised indemnity in this manner. Great American denies that its policy covers the events that led to Hawkins' victory in the Oklahoma suit, and a "garnishment" action seems an inappropriate means to resolve such an issue even if direct actions were permissible in Illinois.

The district court declined to issue a writ of garnishment against Great American, and Hawkins has appealed. His principal appellate contention is that the district judge should have transferred this proceeding to Oklahoma for a jury trial. Why (or on what authority) a district court should transfer a case, at plaintiffs' behest, away from the forum in which plaintiff filed that suit, is left unexplained. Nor does Hawkins explain what issue in a garnishment proceeding could be tried, let alone tried to a jury. The entire course of proceedings, from filing in the district court through the brief on appeal, is mysterious.

The appeal came before this motions panel because Great American has filed a motion to strike Hawkins' brief and dismiss the appeal for want of prosecution. Great American is right to observe that the brief contains numerous formal deficiencies, and that its argument leaves much to be desired. Now that we have reviewed the papers, however, the best course is summary affirmance. Hawkins has had his say and has not given a good reason for reversal. Accordingly, the judgment is affirmed.

A review of the papers in connection with Great American's motion to strike brought to light a troubling series of events. Hawkins was represented in the district court by Robert L. Briggs, a member of the Oklahoma and Texas bars. He appeared in the district court *pro hac vice*. In connection with Hawkins' appeal Briggs filed a motion for admission to the bar of this court. We denied that motion on June 27, 2000, in light of two reprimands for unethical conduct that Briggs had received from the Oklahoma Bar, but we added that Briggs could apply again in five years if he maintained a clean record. The order denying Briggs' application for admission gave Hawkins 30 days to engage a different lawyer. Papers filed in the ensuing year reveal that Briggs has continued to represent him. Briggs has filed some papers directly (e.g., a letter dated February 28, 2001, enclosing copies of the appendix). He has instructed the court (and the appellee) to serve papers on him rather than Hawkins. (We declined.) And recently-filed papers have had this signature block:

Roy Hawkins, *Pro Se* Appellant
c/o Robert L. Briggs, his agent
Attorney at Law
127 E. 56th Pl.
Tulsa, Oklahoma 74103
918/260–7884

The address is the one that appears on Briggs' legal letterhead. Just in case there were doubt about what is going on,

the record contains a motion for additional time in which Hawkins again demands that the court send all papers to Briggs so that he "could properly assist me in the preparation and presentation of the documents necessary to the prosecution of this appeal."

If attorney Briggs believes that there is a difference between being an "attorney" and being an "agent" who prepares and files legal documents on behalf of a client, he is sorely mistaken. An attorney is a *kind* of agent. Briggs is continuing to practice law by serving as an "agent" who drafts briefs, files papers, and receives service. Yet we have declined to admit him to our bar, so Briggs is engaged in the unauthorized practice of law.

We now modify our order of June 27, 2000, to delete the five-year proviso. No future application from Briggs for membership in our bar will be received. Moreover, because Oklahoma and Texas may well take a dim view of the unauthorized practice of law, we will furnish the appropriate authorities of those states with copies of our order of June 27, 2000, of this order, and of papers filed in this court showing that Briggs has practiced law without membership in our bar and without admission to practice *pro hac vice.* Moreover, the clerk of this court is instructed to return, unfiled, any future papers showing that Briggs has participated as "agent" or in any other capacity.